982 So.2d 1005 (2008)
DISMISS HOLDING, INC., Appellant
v.
E. Harold KNIGHT and Benny Knight, Appellees.
No. 2007-CA-00042-COA.
Court of Appeals of Mississippi.
May 20, 2008.
*1006 W. Harvey Barton, Pascagoula, attorney for appellant.
Matthew G. Mestayer, Biloxi, attorney for appellees.
Before MYERS, P.J., CHANDLER and BARNES, JJ.
MYERS, P.J., for the Court.
¶ 1. This case arises out of a trespass action brought by E. Harold Knight and Benny Knight against Dismiss Holding, Inc. (Dismiss Holding), for the wrongful entry upon approximately four acres of commercial property located in Pascagoula, Jackson County, Mississippi. The Jackson County Chancery Court awarded attorney's fees to E. Harold Knight upon finding that Dismiss Holding was grossly negligent in failing to obtain a title opinion before entering upon the property purchased at a sheriff's execution sale. Finding that the chancery court did not err in awarding attorney's fees, we affirm.

FACTS
¶ 2. Knight's Piping, Inc., a Mississippi company located in Pascagoula and Gautier, was operated and owned in part by E. Harold Knight and Benny Knight. A creditor of Knight's Piping obtained a judgment against the business and requested that the sheriff serve a writ of execution against the property at issue. On August 17, 2004, Dismiss Holding purchased the property in the sheriff's execution sale for $31,000 and received a quitclaim deed.[1] Dismiss Holding did not have the title examined before the sale, and it did not utilize the services of its own in-house attorney or outside attorney to assist in the property transaction. Dismiss Holding promptly gained entry onto the property, changed the locks, and began renovations. However, when Dismiss Holding took possession, the property was, in fact, not owned by Knight's Piping, but rather owned by E. Harold Knight and Benny Knight. Upon Dismiss Holding's entry on the land, the Knights repeatedly requested that Dismiss Holding voluntarily vacate the property and presented a title opinion evidencing that the property belonged to the Knights, individually. Dismiss Holding remained on the property and continued its renovations. The Knights eventually filed a trespass action in the Chancery Court of Jackson County on August 27, 2004, seeking damages and attorney's fees. The quitclaim deed was held to be null and void, and possession of the property was returned to the Knights. The Knights were awarded $2,108 in actual damages and E. Harold Knight was awarded $9,500 in attorney's fees. Dismiss Holding, aggrieved by the chancery court's award of attorney's fees, appeals.

STANDARD OF REVIEW
¶ 3. We review the findings of a chancellor for an abuse of discretion and will not disturb the findings on review "unless the chancellor was manifestly wrong, clearly erroneous, or applied the wrong legal standard." Miss. Power Co. v. Hanson, 905 So.2d 547, 549(¶ 8) (Miss. *1007 2005) (quoting McNeil v. Hester, 753 So.2d 1057, 1063(¶ 21) (Miss.2000)).

ANALYSIS
¶ 4. The chancellor found that Dismiss Holding was grossly negligent in failing to obtain a title opinion before entering upon the property purchased at a sheriff's execution sale. Based on this finding of gross negligence, the chancellor awarded attorney's fees to E. Harold Knight as punitive damages. Dismiss Holding argues that the chancellor erred in awarding attorney's fees to E. Harold Knight because it asserts that it was an innocent purchaser of the property; therefore, it should not be assessed punitive damages.
¶ 5. A chancellor may award attorney's fees as punitive damages in a trespass action if the trespass is proven to be willful, wanton, or grossly negligent. R & S Dev., Inc. v. Wilson, 534 So.2d 1008, 1013 (Miss.1988). In the instant case, the chancellor found that Dismiss Holding did not fall within the category of an innocent purchaser because it had "means of knowledge" to determine whether its acquisition of title was proper before entering thereon. Specifically, the chancellor stated that the particular "means of knowledge" that Dismiss Holding could have utilized to determine its ownership rights was to obtain a title opinion prior to its entry. Thus, the chancellor reasoned, because Dismiss Holding failed to obtain a title opinion, it could not be characterized as an innocent purchaser and was grossly negligent in its entry on to the property of E. Harold Knight.
¶ 6. We do not find that the chancellor abused his discretion in awarding attorney's fees to E. Harold Knight. The chancellor's finding that Dismiss Holding was grossly negligent in its trespass cannot be said to be manifestly wrong or clearly erroneous. Therefore, we affirm the judgment of the chancery court.
¶ 7. THE JUDGMENT OF THE CHANCERY COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.
NOTES
[1] We find it necessary to mention that testimony at the hearing on the matter provided that prior to the sheriff's sale of the property for $31,000, Dismiss Holding attempted to buy the property for $365,000. While this fact is not specifically mentioned in the chancellor's opinion, it was undoubtedly considered in finding Dismiss Holding grossly negligent.